number one eight one nine six six United States versus Mario Rafael Castillo good morning miss Byrne good morning your honor may please the court Alejandra Bird Lopez on behalf of Mario Rafael Castillo I'd like to reserve one minute for rebuttal if I may thank you sometimes the facts of a case are so disturbing and emotionally charged that they elicit an aggressive response by the sentencing judge resulting in an excessively harsh sentence it is precisely when cases are disturbing and emotionally charged that it is most important to follow the rules in order to ensure the proper administration of justice the court here arrived at its harsh sentence by improperly applying a cross-reference which almost quadrupled the applicable guideline sentencing range in the case this was procedural error and requires remand Mr. Castillo pled guilty to a single count of abusive sexual contact the guideline provision applicable to that charge has a contains a cross-reference provision which provides that if the offense involved criminal sexual abuse or attempt to commit criminal sexual abuse as defined under a particular statute apply another guideline to a 3.1 which is a guideline which corresponds to much more egregious conduct counsel's yes the government's theory must be that there that the offense of conviction which seems to be the key word of the cross-reference that the offense of conviction involved some relevant conduct which permits the application of the cross-reference what what is your understanding of the relevant conduct that the government is relying upon to justify the application of the cross-reference well in order to put that in the proper context in order to if you fight follow the guideline structure there are only a couple of ways to get to the cross-reference right it's either because the actual offense of conviction the actual conduct of conviction involved and aggravated sexual abuse or an attempt to commit aggravated sexual abuse or because some other separate conduct which fits the the definition of relevant conduct under the guidelines can be considered relevant they seem to think that the conduct that was the subject of the count the touching of the child's thigh that that was actually an attempt to do something even worse because he had in fact done something worse with the other child who was the subject of the count was dismissed is that your understanding of their theory my understanding of their theory is that they kind of end up falling back on that but really the focus of the discussions was that other separate conduct was an attempt and how can that other separate conduct be part of the offensive conviction maybe that's your point that is my point that is exactly my point they had to have focused exactly on the conduct of the offense and neither in the arguments and the discussions below really focused on other conduct which cannot be considered relevant conduct under the relevant conduct guidelines the brief I'd like to point out in footnote 10 concedes that one of the usual courses for considering other conduct as relevant conduct which is conduct which is in the same course of conduct or common scheme or plan does not apply that provision of the relevant conduct guidelines doesn't apply in this case because it's specifically excluded from that application that that provision of the relevant conduct guideline refers to specific offenses which can be grouped under a separate guideline and this this these offenses involved in this case cannot be grouped and so other conduct which is part of a common scheme of what are some type there are some types of offenses that involve continuing conduct but this is not this is not such an offense that's correct that's correct this is a single-time offense this is a single occurrence offense or a single moment in time offense this is not a continuing offense why isn't the touching sexual conduct well in this case in the the sexual conduct that is the sexual contact I'm sorry I've maybe I misunderstood the question why isn't the touching of the thought of the thigh in this case under the circumstance in this case considers sexual conduct it is considered sexual conduct what it's not aggravated sexual it's not aggravated sexual conduct it isn't it isn't the age of the victim of some relevance the no the both both of the offenses that were charged answer my question why not it's not because because the there is a distinction between made between sexual contact and a sexual act sexual act as defined in the statute includes egregious behavior such as intercourse anal or genital penetration oral contact with the genitalia or touching of genitalia not through clothing so those that specific conduct is the conduct that you would have to have shown was involved I'm sorry is it attempted to do those yes because we don't have any actual facts in the record that would show us in the circumstances of that conduct what's first description we have of that event does not show us that there was an attempt would not buy a fair preponderance of the evidence which is the burden of proof that the government would have to meet the the agreed-upon statement of facts includes the conduct involving the other child now that that charge was dismissed that's the one that would involve the 30-year mandatory minimum sentence that charge was dismissed but he does acknowledge does he not that conduct that was that underlies that dismissed count isn't that true yes isn't the government perhaps are doing that given his admission of what he did there which is very similar to what he did in this other count that it's appropriate to infer that when he was touching the child's thigh that was the beginning of an attempt to get more serious act that he committed with the other child that would be the more direct line to that argument would be the more direct line but the problem is that if what they want to do is export the intent from that offense conduct right from that account one conduct into the count to conduct it was what there's no I'm sorry I don't understand what's wrong with that since he admitted to it in the statement of facts he did admit to it but but we can't assume that at any point in time ever because he did that conduct once that means that he was always attempting to commit that conduct because I wanted to be propensity but given the unique facts of this case they involved two sisters in the same environment within the same time frame referred to in the indictment I don't understand why based on the particular facts of this case that would be impermissible because the time frame involved in the indictment is over the course of three years we don't even know what order these events actually occurred in we don't have any proximity of time there's not a description of the event that gives us any context there's only a cursory description of the circumstances there's no there's no information about the time and date whether the defendants said anything during that event whether something in particular occurred before whether there was even a reasonable opportunity that they for the for the conduct to escalate whether you know we don't have facts I mean in order to show by a preponderance of the evidence that there was specific intent to commit a very specific act these acts that are described in the statute are very specific you need something which is tied into the circumstances not just not just a general propensity or that we know that the defendant eventually or at some point was willing to get to that point we have to show that that conduct at that time that his we can say that his state of mind was such that we know what he was intending to do and because of the the nature of the sparse information that we have we can't make that we can't arrive at that conclusion your honesty my time is up but I'd be happy to address any other concerns thank you may it please the court Antonio Perez on behalf of the United States it was not unreasonable in this case for the district court to impose a low-end guideline sentence for a granddaughter for a grandfather that subjected his two granddaughters to a series of sexual abuse when he was caring for them while his son was stationed abroad in Germany let me start by trying to clarify what the district court did in this case he was convicted of abusive sexual contact with regard to granddaughter number two the cross-reference permits that the court to apply the cross-reference if the offense involved of aggravated sexual abuse that word offense in the guidelines is defined as the offense of conviction and all relevant conduct so neither the court nor the government is limited to just the offense of conviction council correct this is the tell me if this is the operative definition of relevant conduct here this is section 1 1 b 1.3 defines relevant conduct as follows shall be determined on the basis of all acts and emissions committed aided abetted counsels commanded and dues procured or willfully caused by the defendant that occurred during during the commission of the offense of conviction in preparation for that offense or in the course of attempting to avoid detection or responsibility for that offense is that the relevant definition here that is correct your honor that is correct a so if that is the relevant definition what specifically are you arguing respect to the claim that he was engaged in an that your theory yes we are arguing that the conduct in question that constituted an attempted aggravated sexual abuse happened during the commission of the offense so that attempt you are occurred during the commission of the offense of conviction that is that your argument correct and what what what happened here was that he in in mr. men and mr. Castillo's joint statement of facts he admitted to on one occasion touching the inner thigh of the granddaughter number two but in addition to that to trying to pull down her pants when did when did that when did that occur that other incident with it with the incident was that was the subject of the charge that was dismissed when did that occur we're talking about a three-year time frame here when when did that other incident occur it's it's unclear it occurred during that but what is clear is that it occurred during the time frame that a three-year time frame yes during the during the time frame that the granddaughters were with their grandfather in Germany while he was safe while his son was stationed abroad there his mr. Castillo was in charge of taking care of them and so it's not just the temporal aspect but courts have said that you look to all the circumstances such as temporal overlap spatial overlap and to see if incidents are similar to determine if they are constitute relevant conduct specifically under that definition opposing counsels I thought she said you're not actually relying on this attempt theory was that a misstatement are you are you relying on that attempt theory that that's no we are your honor our theory is that the theory that the court adopted that theory that the court adopted and what we're relying on is that when he tried to pull down the pants of granddaughter number two which was the same granddaughter as to the offense of conviction that that constituted an attempt to commit aggravated sexual abuse because you have to look at it in the context of everything that he admitted to during this time period when they were in Germany as to granddaughter number one well then you could on that theory you could have charged him could you not with aggravated sexual abuse as you did with respect to the first time you you could have charged that correct that that is correct but even if the government could have charged it the relevant conduct guidelines allow the government to rely on conduct that's uncharged or that was specifically dismissed in applying relevant conduct under the guidelines and specifically under cross-references and in fact the guidelines speak about that that is the actual conduct of the offense not just the conduct that was the object of the count of conviction and specifically as to this cross-reference it was passed because the Commission found that a lot of conduct that was being charged and convicted under abusive sexual contact actually involved things that would constitute aggravated sexual abuse and so the purpose of the cross-references to get to the defendants actual conduct in addition he did benefit greatly from the plea agreement because that count one which was dismissed carried a 30 year mandatory minimum so although the cross-reference was applied it's not that he didn't get any benefit from dismissing that more severe charge another thing that I want to point out is that this argument that the government can't rely on this attempted aggravated sexual abuse because it wasn't relevant conduct was never made below was never made below by mr. Castillo so it should be subject to a plain error standard and I don't understand I mean they they seem to argue vociferously that the cross reference should not apply I mean that that's that's argued repeatedly so I don't understand how you can say that they're not now able to make the arguments that they're making they argue that the cross-reference should not be applied but on another under another theory they argued below that the cross-reference should not be applied because there was insufficient evidence that in trying to pull down granddaughter number two's pants that his intent was to commit a a sexual act so that's what's being argued right now well that that's one of their arguments but but the first argument is is that relevant conduct is the pulling down of the pants relevant conduct and they never made that argument below but regardless regardless of whether we apply a plain error standard or not we have a situation where we have the same victim as the count of conviction under similar circumstances in this while the while mr. Castillo is taking care of his granddaughters in Germany and conduct that is of a similar sexual nature and under the relevant conduct guidelines that can be considered and when you look at that in the context of what of all of the acts that he admitted the one time that he successfully pulled down one of her genitalia which is a sexual act and so the district court could could conclude and it was possible for the district court to conclude and that's all that we have to do even under a clear error standard because it's a factual finding of the district court that that's what he intended to do in trying to pull down granddaughter number two's pants and so there was sufficient evidence to prove to show his intent to commit an attempted aggravated sexual abuse and apply the cross-reference there in addition just a quick point on unsubstantive reasonableness of the sentence this was a low-end guideline sentence where the district court heard a lot of strong evidence from even the victims there were two letters read from the victims where they talked about how they couldn't sleep at night and how they had a lot of anger and that Mr. Castillo should be punished because of what they did to them and so given the severity of the offense it was definitely substantively reasonable to give him a low-end guideline sentence and again he benefited from count one being dismissed which is the one that carried the 30-year mandatory minimum if there are no further questions from the panel at this point yes that the that the court affirmed the district court sentence yes I'd just like to make a few points very briefly number one all of the cases that I've been able to review and that I found applying this reference cross-reference deal with conduct that and and finding that if that conduct was more egregious and involved a sexual act then the cross-reference applies I have seen no cases and I didn't see any in the in the government's brief that apply the cross-reference in the way that they are proposing to use another separate incident which is an attempt as the basis for the application of the cross-reference as to the you know the same time the sexual contact was taking place it was really the beginning it was an attempt to commit the more serious offense exactly like the one that was committed on the other child isn't that what they're saying I I see my time is up I'd like to address your your honor's concern if I may um the they the bulk of their brief goes into arguing that that separate incident is relevant conduct or it's part of of of the of the conduct of the count to conduct that that is what their the bulk of their argument is they also do rely on trying to create the the the the or basing themselves on the theory that that the actual touching of the inner thigh conduct also constitute in an attempt but really the argument below and the finding of the court below was that that separate incident was an attempt and not the conduct of the conviction at page 12 of the addendum that's the finding that the that's the finding that the court made with that separate attempt with the regards to the I'm sorry it's very great so you're saying they argued that the relevant conduct was not the attempt below their argument was that other incident was itself relevant conduct it could be taken into consideration they argued that the pulling down of female minor twos pants was what constituted an attempt but there's no there's there was never any argument that that was part of the count of the conviction that was part of the conduct under the count of conviction the conduct and the count of conviction is the touching of the inner thigh which which of those two theories to the court adopt and it's the first the first the court states Mr. Castillo attempted to pull down the pants of one of the granddaughters mentioned in the count of conviction and the court finds that it can reasonably be inferred that his intention was to commit a sexual act so it's referring to that other separate event and the obvious choice for the court to make was to make a beeline directly to the conduct of the defense of conviction and the court refrained from making a finding that that was an attempt it did not make that finding with respect to plain error I would just like to point out I'm sorry your time is up okay thank you